RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

BRANDON MOORE, 241446, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. 2:06CV75-WHA
JAME DELOACH, Individually and )
Officially as Warden of Draper )
Correctional Center; )
MICHAEL MATTHEWS, Individually )
Officially as security Officer of )
Draper Correctional Center; )
WILLIE WHITING, Individually and )
Officially as Chaplain )
LAWRENCE SHANKY, Individually ) **DEMAND FOR JURY TRIAL**
And Officially as Christian of We )
Care Program; )
BOB RILEY, Individually and officially as )
Gov. of the State of Alabama; )
DONAL CAMPBELL, individually and )
officially as Commissioner of Alabama )
Department of Corrections; )
)
Defendants, )

## NATURE OF THE ACTION

1.  This is a 1983 action filed by an inmate at the Draper Correctional Center, alleging violations of his constitutional rights. Plaintiff also alleges that he has been deprived of rights protected by state law. Plaintiff seeks money damages, and declaratory and injunctive relief. The plaintiff requests a trial by jury.

1

## JURISDICTION

2. This action arises under the Eighth and Fourteenth Amendment to the United State Constitutional and 42 U.S.C. 1343 1983. This court has jurisdiction under 28 U.S.C. 1343. 28 U.S.C. 2201 authorizes plaintiff's request for declaratory relief. Plaintiff also requests that the court exercised its pendent jurisdiction over the plaintiff's state law claims.

## PARTIES

3. Plaintiff Brandon Moore is a youth offender, with an I.Q. of 56, presently incarcerated at the Draper Correctional Center (DCC) serving a 3-years sentence.

4. Defendant James DeLoach is the Warden of DCC, and is responsible for the operation and management of it. He is ultimately responsible for the training and supervision of the correctional personnel employed at DCC. He is sued in his individual and official capacities.

5. Defendant Willie Whiting, Chaplain of DCC is over 21 years of age and is sued in his individual and official capacity.

6. Defendant Bob Riley, Governor of the State of Alabama, on September 27, 2005 ordered all inmates convicted of murder, manslaughter or criminally negligent homicide be returned to the knowingly already overcrowded level-4 First Offender's Prison Facilities, especially DCC. Complicating the disproportionate number of inmates to officers, leveling the only means of control to be lock-down, and 5-minute movements from place to place for 1232 prisoners in an institution designed to hold only 632 prisoners. This causes tension between inmates and staff and inmates to inmates ** and/or conspiring to do the same on the basis creating a dangerous, hostile and hazardous work environment for employees, and a jungle like environment for prisoners incarcerated at DCC. He is over 21 years of age and is sued in his individual and official capacities, with respect to all causes of action.

7. Defendant Donal Campbell, Commissioner of the State of Alabama Department of Corrections, is over 21-years of age and is sued in his official capacity

with respect to all cause of action in his individual capacity.

8. Defendant Michael Mathews, an agent of defendant DeLoach, is a correctional officer at the Draper Correctional Center; he is sued in his individual and official capacities.

9. Defendant Lawrence Shanky granted entry into the Draper Correctional Center (DCC) by defendant DeLoach, under supervision Defendant Whiting while in DCC. Defendant Shanky stood by and watched defendant Matthews assault Plaintiff, but fail to report or help the Plaintiff. He is sued in his individual and official capacities.

10. All Defendants have acted under color of state law during all times relevant to this complaint.

**FACTUAL BACK GROUND**

11. On January 9, 2006 defendant Michael Mathews was assigned to the security post of Draper's Mulit-Purpose Building. The Library is located in the Mulit-Purpose Building. At approximately 3:30 P.M. Plaintiff, Brandon Moore attempted to return a

4

library book, and study his Bible there because he could concentrate better in the library than in the always-loud Prison Cell-Block. Defendant Matthews stopped Plaintiff and told him he wasn't on the library list. Defendant Matthews then told Plaintiff that he needed to get the hell outta here. Plaintiff asked defendant Matthews could he return the book he borrowed. Defendant Matthews started cursing saying: "you stupid motherfucker didn't I tell you to get outta here". Defendant Matthews grabbed Plaintiff by his arm and by the back of neck and commenced to forcefully shove Plaintiff down the hallway and headfirst into the wire glass window of the Mulit-Purpose Building door. Busting the window completely out, with Plaintiff's head, causing injuries to plaintiff's head. How severe the injuries are is unknown to the Plaintiff. Plaintiff has not been allowed to see a doctor, but Plaintiff is having headaches, and has open laceration on the top of his head.

12.   Defendants DeLoach Ordered Officers to keeps cellblocks, yard, and Mulit-Purpose Building locked

5

down, and give 1230 inmates packed in space for only 600 inmates 5-mintues movements to come-and-go policy builds tension between inmates and staff and inmates to inmates, and to isolate those same areas that witnesses be few to none of incidents occurring after movement time ended.

13. The policies, practices, and customs of the Defendants caused Plaintiff to be assaulted and suffer head injuries so severe that he has been having headaches since assaulted by Defendant Matthews, and denied medical treatment, by a doctor.

14. Defendants have failed to take corrective action concerning the allegation described herein, even after countless reports of the violence in the institution.

## CAUSE OF ACTION

15. The actions of the defendants described herein deprived the plaintiff of due process of law guaranteed him by the Fourteenth Amendment to the United States Constitutional and protected by 42 U.S.C. 1983.

16. The action of the defendants described herein deprived the plaintiff of the right to be free of cruel

and unusual punishment pursuant to the eighth and Fourteenth Amendment to the United State Constitutional and protected by 42 U.S.C. 1983.

17. The action of the defendant described herein violated the Alabama law of assault and battery and the regulations of the Alabama Department of Corrections with respect to the lawful use of force.

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays that this court:

1. Declare that the actions described herein deprived the plaintiff of rights guaranteed to him by the Eighth and Fourteenth Amendment to the United State Constitution, 42 U.S.C. 1983, and state law.

2. Grant permanent injunctive relief enjoining the defendant or their agents:

   a. From using lockdowns to build tension between inmates and staff and inmates to inmates, except when immediately necessary to prevent injury, death, or the destruction of valuable property;

   b. From not using video equipment in hallway and isolate areas of the institution to make-up for shortage of security staff in the institution to secure the facility and prevent unnoticed injuries, death, or the destruction of valuable property; and

3. Award the plaintiff compensatory damages in an amount $78000.00 to compensate him for the violation of his legal rights.

4. Award the plaintiff punitive damages in the amount of $10,000.00 against the defendants for the

7

willful and intentional violation of his legal rights.

5. Grant plaintiff such other relief, as the Court deems necessary and just.

Respectfully submitted this 19th day of January, 2006.

Brandon Moore, AIS #241446
Draper Correctional Center
P.O. Box 1107
Elmore, AL 36025

8