IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON MOORE, #241446, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:06-CV-75-WHA |
| ) | [WO] |
| ) | |
| JAMES DELOACH, et al., ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 42 U.S.C. § 1983 complaint filed by Brandon Moore ["Moore"], a state inmate, on January 27, 2006. The defendants filed a written report in compliance with the orders of this court in which they addressed Moore's claims for relief. Specifically, the defendants submitted relevant evidentiary materials that refuted the allegations presented in the instant cause of action.

The court thereafter issued an order directing Moore to file a response to the written report. *See Order of March 14, 2006 - Court Doc. No. 11*. The order advised Moore that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*.

The time allotted Moore for filing a response to this order expired on April 3, 2006.

As of the present date, Moore has filed nothing in opposition to the defendants' written report as required by the orders of this court. The court thus concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After review, it is clear that dismissal of this case is the proper course of action. Moore is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Moore has exhibited a lack of respect for this court and its authority by his failure to comply with the court's directives. It is therefore apparent that any additional effort by this court to secure Moore's compliance would be unavailing.

Moreover, the response and undisputed evidentiary materials filed by the defendants indicate, as a matter of law, that Moore is not entitled to any relief in this cause of action. Consequently, the court concludes that Moore's abandonment of his claims, his failure to comply with the court's orders, and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before April 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of April, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE